UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL D. GORDON, AND ELIZABETH GORDON<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No.<br><br>COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT 28 U.S.C. § 2671, et seq. |

Plaintiffs Michael D. Gordon and Elizabeth Gordon through their attorney, John-Paul Gustad, now come before this court and complain against Defendant United States of America, and state as follows:

### I. JURISDICTION AND VENUE

1.1 This action is brought pursuant to the authority of the Federal Tort Claims Act, Title 28, §§2671, *et seq. (FTCA)* and Title 28, §1346 (b) of the United States Code.

1.2     Pursuant to 28 USC §§ 2672 and 2675(a), on November 19, 2016, Plaintiffs filed and presented an administrative claim for damages on Standard Form 95 to Defendant's agency, the Veterans Administration (VA). On May 20, 2016, the VA administratively denied Plaintiff Michael Gordon's claim. On November 19, 2016, Plaintiff Michael Gordon filed a Reconsideration to Defendant agency and on January 22, 2020, Plaintiff Michael Gordon's Reconsideration was administratively denied. Thus, the option to file suit has now accrued and this action has been commenced within the time limits established by the FTCA.

1.3     Plaintiff has complied with all administrative exhaustion procedures required by the FTCA pursuant to 28 U.S.C. §§2671, *et seq.* and 28 U.S.C., §§1346 (b) and this matter is ripe for filing within this court.

1.4     Venue is proper pursuant to 28 U.S.C. §§ 1391(e) due to the acts and omissions of Defendant's employees described below.

1.5     The United States of America may be served with process in accordance with FRCP 4(i)(1) of the Federal Rules of Civil Procedure by serving a copy of the Summons and of the Complaint on Brian T. Moran, U.S. Attorney, by certified mail, return receipt requested at the office, of the U. S. Department of Justice: United States Attorney, 700 Stewart Street, Suite 5220, Seattle, Washington, 98101-1271, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Complaint on William Barr, Attorney General of the United States, by certified mail, return receipt requested, at the US Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001, to the attention of the Civil Process Clerk.

COMPLAINT FOR DAMAGES
UNDER THE FEDERAL TORT
CLAIMS ACT – PAGE 2 of 6



GUSTAD
LAW GROUP, PLLC
13510 Aurora Ave North, Suite C-1
Seattle, WA 98177
Tel: (206) 533 2222 Fax: (206) 299 2143

## II. PARTIES

2.1     Michael Gordon was, at all times relevant to this action, a patient of Defendant through the VA Puget Sound Health Care System (VAPS). Michael Gordon resides in King County within the jurisdiction of the court.

2.2     Elizabeth Gordon is Michael Gordon's spouse. Elizabeth Gordon resides in King County within the jurisdiction of the court.

2.3     Defendant owned and operated VAPS, such health care facility being located within the territorial jurisdiction and venue of this District Court. At all relevant times, VAPSHS employed persons who treated Plaintiff Michael Gordon as health care providers and who acted on behalf of and were employed by Defendant, in providing such treatment.

## III. FACTUAL ALLEGATIONS

3.1     On February 24, 2010, Mr. Gordon began medical treatment with Dr. Edward Boyko at the Puget Sound VA Hospital, an entity of VAPS.

3.2     On February 24, 2010, Mr. Gordon reported a family history of colon and gastric cancer.

3.3     On February 24, 2010, Mr. Gordon was noted as positive for groin rash and low libido and VAPSHS ordered laboratory test to check Mr. Gordon's testosterone levels.

3.4     On August 1, 2011, Mr. Gordon saw his psychiatrist Dr. Carl Jensen at VAPS and complained of erectile dysfunction.

3.5     On February 8, 2012, Mr. Gordon saw Dr. Jensen at VAPS and reported low libido and mild erectile dysfunction.

3.6 On February 8, 2012, Mr. Gordon also saw Dr. Boyko who reviewed Mr. Gordon's lab results, but his chart note indicates that a PSA screen had not been done in over 1,000 days.

3.7 On November 19, 2012, Mr. Gordon saw Dr. Jeremiah Alexander at VAPS, Mr. Gordon's new primary care physician and reported that Mr. Gordon's older brother was diagnosed with stomach, colon, and prostate cancer. No cancer screening of Mr. Gordon was ordered.

3.8 On April 8, 2013, Mr. Gordon was seen by Dr. Alexander and was diagnosed with a hard spot on Mr. Gordon's groin and rash, but again prostate cancer screening was deferred.

3.9 On November 21, 2013, VAPS finally conducted a PSA testing on Mr. Gordon with Dr. Alexander stating: "will also check Mr. Gordon's PSAs given Mr. Gordon's race and family history."

3.10 On November 21, 2013, Dr. Alexander determined that Mr. Gordon's PSA was elevated and referred him to a specialist for malignancy screening.

3.11 On March 6, 2014, Mr. Gordon underwent a radical prostatectomy, which found tumors in 30% of the prostate and metastasis to the lymph nodes, Mr. Gordon was found to have a Gleason Score of 7 with a tertiary pattern of 5.

3.12 On March 6, 2014, physicians confirmed that Mr. Gordon's prostate cancer was at the level Stage IIIB, meaning that his cancer had spread to his lymph nodes, required surgery, and would require radiation and hormone therapy.

COMPLAINT FOR DAMAGES
UNDER THE FEDERAL TORT
CLAIMS ACT – PAGE 4 of 6

GUSTAD
LAW GROUP, PLLC
13510 Aurora Ave North, Suite C-1
Seattle, WA 98177
Tel: (206) 533 2222 Fax: (206) 299 2143

## IV. CAUSE OF ACTION

4.1     This is an FTCA Action for monetary damages sustained by Plaintiff Michael Gordon resulting from VAPS failure to test Mr. Gordon PSA and for Mr. Gordon's resultant cancer and treatment following defendant's failure which were the direct and proximate cause of VAPS failure to adhere to the accepted standards of oncological care and treatment to Michael Gordon's prostate cancer while he was a patient under the care of the VAPS.

4.2     Michael Gordon's prostate cancer plus metastasis and all damages resulting as a consequence thereof were proximately caused by VAPS.

4.3     Defendant is negligent and failed to test or treat the signs and symptoms of Mr. Gordon's prostate cancer. Defendant's negligence resulted in the growth and metastasis of Mr. Gordon's cancer.

4.4     Defendant's failures were the proximate cause of Michael Gordon's prostate cancer's metastasis and resulting damages.

## V. DAMAGES

5.1     As a direct and proximate result of Defendant's negligent acts and/or omissions Plaintiff Michael Gordon is suffering from advanced prostate cancer and he is entitled to recover for pain and suffering, and the full value of all other categories of damages permissible by law.

5.2     Plaintiff Michael Gordon's prostate cancer advanced and metastasized as a direct and proximate cause of the result of VAPS's failure to act in accordance with the medical standard of



GUSTAD
LAW GROUP, PLLC
13510 Aurora Ave North, Suite C-1
Seattle, WA 98177
Tel: (206) 533 2222 Fax: (206) 299 2143

care.

5.3 Plaintiff Elizabeth Gordon has a claim for Loss of Consortium.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Michael Gordon and Elizabeth Gordon do hereby pray that judgment be entered in their favor and against the United States Government as follows:

6.1 Judgment for money damages to be proven at the time of trial;

6.2 Judgment for attorney's fees, costs, and disbursements for this suit, including but not limited to PLAINTIFF's attorney's fees and costs;

6.3 Such other relief as the Court may deem just and proper.

DATED this 24th day of June, 2020.

*GUSTAD LAW GROUP*
Attorneys for Plaintiff

JOHN PAUL GUSTAD, WSBA# 31255
Attorney for Plaintiff MICHAEL GORDON

COMPLAINT FOR DAMAGES
UNDER THE FEDERAL TORT
CLAIMS ACT – PAGE 6 of 6

GUSTAD
LAW GROUP, PLLC
13510 Aurora Ave North, Suite C-1
Seattle, WA 98177
Tel: (206) 533 2222 Fax: (206) 299 2143