THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL D. GORDON and ELIZABETH GORDON,<br><br>                     Plaintiffs,<br>     v.<br><br>UNITED STATES AMERICA,<br><br>                     Defendant. | CASE NO. C20-0980-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff Elizabeth Gordon's Claims Pursuant to Rule 12(b)(1) and 56 (Dkt. No. 6). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.   **BACKGROUND**

Plaintiffs Michael D. Gordon and Elizabeth Gordon allege that Mr. Gordon received negligent medical treatment from the United States Department of Veterans Affairs (VA) Puget Sound Health Care System (VAPS). (*See generally* Dkt. No. 1.) According to Plaintiffs, Mr. Gordon began medical treatment at VAPS in February 2010. (*Id.* at 3.) From 2010 to 2013, he presented to doctors on multiple occasions with groin rash, low libido, and erectile dysfunction and reported a family history of cancer. (*See id.* at 3–4.) In November 2013, VAPS conducted a

prostate-specific antigen (PSA) test to screen for prostate cancer. (*Id.* at 4.) Mr. Gordon's PSA was elevated and in March 2014, he underwent a radical prostatectomy which confirmed a diagnosis of advanced prostate cancer. (*Id.*) Following surgery, Mr. Gordon underwent radiation and hormone therapy. (*Id.*)

Mr. Gordon filed an administrative claim for damages with the VA in November 2016, which was denied. (*Id.* at 2.) In January 2020, the VA denied his request for reconsideration. (*Id.*) In June 2020, Mr. Gordon and his wife, Elizabeth Gordon, filed this Federal Tort Claims Act (FTCA) action against the United States alleging that as a result of Mr. Gordon's doctors' failure to test for prostate cancer when they should have, his cancer advanced and metastasized before it was finally diagnosed. (*Id.* at 5.) The complaint also asserts a loss of consortium claim on behalf of Ms. Gordon. (*Id.* at 6.)

The United States moves to dismiss Ms. Gordon's loss of consortium claim becauase the Court lacks subject matter jurisdiction as Ms. Gordon failed to file an administrative claim and exhaust administrative remedies as required by the FTCA. (Dkt. No. 6 at 4.) The United States also argues that Ms. Gordon's claim is now time-barred. (*Id.* at 6.)

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Absent a Congressional waiver of sovereign immunity, a claim against the United States must be dismissed for lack of subject matter jurisdiction. *See Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011). The FTCA creates a limited waiver of sovereign immunity under which the United States may be found liable for torts committed by its employees while acting within the scope of their federal employment. 28 U.S.C. §§ 1346(b), 2674; *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). The FTCA requires that a plaintiff first exhaust administrative remedies before commencing an action against the United States. 28 U.S.C. §§ 2401(b), 2675(a). The requirement is jurisdictional and cannot be waived. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). Spouses suing federal agencies for loss of consortium must file a separate

administrative claim. *See Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983); *Dugan v. United States*, 2008 WL 65504, slip op. at 2 (W.D. Wash. 2008).

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989). Plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

The United States argues that Ms. Gordon's loss of consortium claim must be dismissed because she never filed an administrative claim with the VA. (*See* Dkt. No. 6 at 5.) The United States has submitted a declaration demonstrating that there was no record of any claim by Elizabeth Gordon on file at the VA as of August 19, 2020. (*See* Dkt. No. 6-1.) Ms. Gordon admits that she did not file an administrative claim. (*See* Dkt. No. 7 at 4 ("Plaintiff will concede that Elizabeth Gordon's damages were not pled in the initial claim or the reconsideration and that there is no basis to claim that they should be considered.").) Accordingly, the Court finds that Ms. Gordon failed to exhaust her administrative remedies and the Court lacks subject matter jurisdiction over her loss of consortium claim.

Dismissal for lack of subject matter jurisdiction should be without prejudice unless there is no way the jurisdictional defect can be cured. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). Here, the United States argues that Ms. Gordon's loss of consortium claim should be dismissed with prejudice because her claim is now time-barred. (Dkt. No. 6 at 6.) "A claim must be filed with the agency within two years of the claim's accrual and the claimant must file suit within six months of administrative denial of the claim. If either requirement is not met, suit will be time barred." *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984); 28 U.S.C. § 2401(b). Ms. Gordon does not dispute that her claim accrued more than two years ago and that an administrative claim would be untimely. (*See generally* Dkt. No. 7.)

Accordingly, the Court finds that no amendment of the complaint can cure the jurisdictional defect and Ms. Gordon's loss of consortium claim must be DISMISSED with prejudice. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988); *Mora v. Brennan*, 2010 WL 3619550, slip op. at 3 (N.D. Cal. 2010) (dismissing FTCA claim with prejudice where plaintiff did not timely file an administrative claim).

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss (Dkt. No. 6). Plaintiff Elizabeth Gordon's loss of consortium claim is DISMISSED with prejudice.

DATED this 4th day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE