THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL D. GORDON, *et al.*, | CASE NO. C20-0980-JCC |
| Plaintiffs, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Michael D. Gordon's motion to allow expert testimony (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

I.    **BACKGROUND**

Plaintiff Michael D. Gordon sues the United States of America under the Federal Tort Claims Act, alleging that he received negligent medical treatment from the Department of Veterans Affairs ("VA") Puget Sound Health Care System. (*See generally* Dkt. No. 1.) Specifically, Mr. Gordon alleges that his VA doctors failed to test him for prostate cancer when they should have and as a result his cancer advanced and metastasized before it was finally diagnosed. (*Id.* at 5.)

In his initial disclosures to the United States, Mr. Gordon identified Dr. Richard Boxer as his medical expert. (Dkt. No. 15 at 9.) Dr. Boxer is a Board-Certified Professor of Urology at the

1  David Geffen School of Medicine at the University of California Los Angeles. (*Id.* at 12.) He
2  also provides medical services to patients at the West Los Angeles VA Hospital as a "fee-based
3  affiliate," and has done so since 2013. (*Id.* at 12–13.)
4        In February 2021, Mr. Gordon produced to the United States an expert opinion from Dr.
5  Boxer. (*Id.* at 9.) In response, the United States asked Mr. Gordon to voluntarily withdraw Dr.
6  Boxer as an expert witness based on 38 C.F.R. § 14.808. (*Id.* at 9–10.) The United States further
7  indicated that if Mr. Gordon would not agree to do so, "we need to bring this issue to the
8  attention of the Court." (*Id.* at 10.) Mr. Gordon declined to voluntarily withdraw Dr. Boxer, and
9  he now asks the Court to enter an order allowing Dr. Boxer's expert testimony in this matter
10 notwithstanding 38 C.F.R. § 14.808. (*See generally* Dkt. No. 15.)

## II. DISCUSSION

38 C.F.R. § 14.808(a) provides, in relevant part, that " VA personnel shall not provide[] . . . opinion or expert testimony in any legal proceedings concerning official VA information, subjects or activities, except on behalf of the United States or a party represented by the United States Department of Justice." Mr. Gordon argues that the Court should allow Dr. Boxer to give expert testimony notwithstanding the regulation because the regulation cannot validly govern the admissibility of expert testimony. (Dkt. No. 15 at 3–6.) The United States argues that the Court should preclude Dr. Boxer's expert testimony pursuant to the regulation. (Dkt. No. 17 at 5.) Therefore, Mr. Gordon's motion presents the narrow question of whether 38 C.F.R. § 14.808 governs the admissibility of expert testimony and requires the Court to exclude Dr. Boxer.

While the Ninth Circuit has not directly addressed the validity of 38 C.F.R. § 14.808, it has addressed the validity of other regulatory restrictions on the testimony of executive branch employees (often called *Touhy* regulations), which, like 38 C.F.R. § 14.808, were promulgated pursuant to the Federal Housekeeping Statute, 5 U.S.C. § 301.[1] *Exxon Shipping Co. v. U.S. Dep't*

---

[1] That statute provides:

*of Interior*, 34 F.3d 774, 776–79 (9th Cir. 1994). In *Exxon Shipping Co.*, the Ninth Circuit examined the legislative history of the Federal Housekeeping Statute and held that the statute does *not* grant executive agencies authority to withhold documents or testimony from federal courts. *Id.* at 777–78. The Ninth Circuit specifically rejected the federal government's argument that section 301 authorized it to enact regulations prohibiting its employees from testifying in judicial proceedings because section 301 grants the head of an executive department the authority to control "the conduct of its employees." *Id.* Accordingly, under Ninth Circuit authority, a *Touhy* regulation like 38 C.F.R. § 14.808 does not provide an independent ground of privilege, and a district court cannot strike expert witnesses on that basis alone. *See, e.g.*, *Roy v. Cnty. of Los Angeles*, 2018 WL 914773, slip op. at 11 (C.D. Cal. 2018) (denying motion to strike expert declarations by former Immigration and Customs Enforcement and U.S. Citizenship and Immigration Services employees based on Plaintiffs' failure to comply with the Department of Homeland Security's *Touhy* regulations); *Carter v. Mississippi Dep't of Corr.*, 1996 WL 407241, slip op. at 3 (N.D. Miss. 1996) (denying Defendants' motion *in limine* to exclude testimony from Plaintiff's proposed expert, a VA physician, because under *Exxon Shipping Co.*, section 301 does not create an independent privilege, and, "[w]ithout a specific grant of power by Congress to do so, executive agencies lack the authority to issue dictates to the court regarding the admissibility of evidence"). Instead, district courts must look to the Federal Rules of Civil Procedure and the Federal Rules of Evidence in deciding questions about the discovery and admissibility of expert testimony. *Id.*

      Decisions from other jurisdictions are in accord with the Ninth Circuit. *See Spears v.*

---

> The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public.

5 U.S.C. § 301.

ORDER
C20-0980-JCC
PAGE - 3

*United States*, 2014 WL 258766, slip op. at 4–6 (W.D. Tex. Jan. 23, 2014) (denying Defendant's motion to strike Plaintiff's expert, an Army doctor, pursuant to *Touhy* regulations prohibiting Army personnel from providing opinion or expert testimony for a party other than the United States); *Gulf Grp. Gen. Enterprises Co. W.L.L. v. United States*, 98 Fed. Cl. 639, 643–47 (2011) (denying motion *in limine* to exclude Plaintiff's proposed expert's testimony and reports based on the Army's *Touhy* regulation prohibiting any former Army personnel from testifying as an expert witness adverse to the interests of the United States); *Romero v. United States*, 153 F.R.D. 649, 652 (D. Colo. 1994) (holding that the Army's *Touhy* regulations did not bar Plaintiff from calling an Army doctor as a witness and asking for his opinion testimony because "the Federal Rules of Evidence control his testimony, not administrative regulations promulgated by the Department of the Army").

The United States argues that *Spears*, *Gulf Group General Enterprises Co.*, and another case relied on by Mr. Gordon are distinguishable because those cases involved "expert testimony from former government employees uniquely positioned to provide it and for which no non-government current or former employee could provide." (Dkt. No. 17 at 2.) But the fact that the witnesses in those cases were uniquely positioned to give the relevant expert testimony was not dispositive of the outcome. Instead, those cases simply concluded that, based on the text and legislative history of 5 U.S.C. § 301 and the weight of authority interpreting it, the statute did not authorize executive agencies to limit the availability of records or testimony to the public. *See Spears*, 2014 WL 258766, slip op. at 6; *Gulf Grp. Gen. Enterprises Co. W.L.L.*, 98 Fed. Cl. at 643–47. The United States also cites several cases where courts granted motions to strike expert testimony based on 38 C.F.R. § 14.808. (Dkt. No. 17 at 4.) But these cases are contrary to the Ninth Circuit's decision in *Exxon Shipping Co.* and the weight of authority on this subject.

Accordingly, the Court GRANTS Mr. Gordon's motion to the extent that the Court concludes 38 C.F.R. § 14.808 is not a sufficient basis to exclude Dr. Boxer's expert testimony.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to allow expert testimony (Dkt. No. 15). The Court further DIRECTS Plaintiff to provide a copy of this order to Dr. Boxer.

DATED this 6th day of August 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE